IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> AIRDRONIC TEST & BALANCE, INC. <br><br> Defendant. | Civil No. 1:18-cv-102-LMB-MSN |

## REPORT & RECOMMENDATION

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 8). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in Plaintiffs' favor for the reasons that follow.

### I.  Background

On January 26, 2018, Plaintiffs[1]—employee pension benefit plans and the Trustees of the Funds—filed a Complaint against Defendant Airdronic Test & Balance, Inc. pursuant to Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. *See* Compl. ¶ 1 (Dkt. No. 1). Plaintiffs seek a monetary judgment for delinquent contributions, accrued interest, liquidated damages, late fees, attorneys' fees, and costs in addition to the amounts that become due through the date of judgment. *Id.* Plaintiffs allege that from January 2014 through August 2017,

---

[1] Plaintiffs are collectively Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF"); Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI"); Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT"); and Board of Trustees, National Energy Management Institute Committee ("NEMIC").

Defendant, which was, "[a]t all times relevant[,] . . . signatory to, and bound by, a collective bargaining agreement[,]" employed workers within Local Union Nos. 1 and 219 and "failed to timely make all the required contributions." *Id.* ¶¶ 12–13, 19. For the months of January 2014 and August 2015 specifically, Defendant paid its contributions late and owes $315.74 in late fees for these months. *Id.* ¶ 26. From June 2016 to August 2017, Defendant failed to adhere to its contractual obligations for owed contributions, interest, and liquidated damages. *Id.* ¶ 22. Particularly, for the months of June 2016 and July 2016, Defendant provided remittance reports but neglected to remit any contributions to the Funds. *Id.* ¶ 24. From August 2016 to August 2017, Defendant did not submit any remittance reports. *Id.* ¶ 23. Pursuant to the collective bargaining agreement, Defendant is obligated to do the following:

1) "[S]ubmit monthly remittance reports and fringe benefit contributions to NPF, ITI, SMOHIT, and NEMIC [collectively Plaintiffs] for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Locals 1 and 219."

2) "[A]bide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Board of Trustees . . . ."

*Id.* ¶¶ 13–14. The Trust Documents, collective bargaining agreement, Sections 502 and 515 of ERISA, and Section 301 of LMRA also provide that if Defendant fails to timely submit contractually required remittance reports and contributions, and the Funds file a lawsuit to recover the unpaid contributions, Defendant is required to pay the following amounts to the Funds:

a) Interest on the delinquent contributions at a rate of $0.0233^{2}$ percent per day, compounded daily;

b) Late fees equal to the greater of: $50.00 or ten percent of the contributions if Defendant fails to pay the required contributions and submit remittance reports within 30 days after the due date, and before any lawsuit is filed;

---

[2] Plaintiffs mistakenly provide the interest rate as 8.50 percent per day, compounded daily. *See* Compl. ¶ 18. It is, in fact, 0.0233 percent per day, compounded daily. *See* Ex. 4, Trust Document at 139 (Dkt. No. 8-2).

      c) The greater of interest on the delinquent contributions at the above rate or liquidated damages equal to 20 percent of the delinquent contributions owed upon commencement of litigation; and

      d) The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

*Id.* ¶ 18; Ex. 4, Trust Document at 139 (Dkt. No. 8-2).

Before initiating litigation, Plaintiffs sent letters and attempted to contact Defendant to obtain the contributions and outstanding reports due, but Defendant failed to respond. *Id.* ¶ 29. As of filing, Defendant owed Plaintiffs $46,590.16 in contributions; $2,668.99 in interest; $9,318.02 in liquidated damages; and $315.74 in late fees for delayed contributions. *Id.* ¶ 30. Plaintiffs now seek recovery of $58,892.91 plus additional daily interest through the date of payment and attorneys' fees and costs in the amount of $7,104.00. *Id.* ¶¶ 27–28; Pl.'s Mot. for Default J. ¶¶ 5–6 (Dkt. No. 8); Ex. 5 at 165 (Dkt. No. 8-2).

**II.**    **Procedural History**

On February 21, 2018, Plaintiff's process server served Defendant through the Illinois Secretary of State pursuant to Federal Rule of Civil Procedure 4(c), (e), and (h) and Illinois' Business Corporation Act (Dkt. No. 5). *See* 805 Ill. Comp. Stat. 5/5.25(b)(2) (2013) ("The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation or of a foreign corporation having authority upon whom any process, notice or demand may be served: . . . Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State . . . ."). Defendant did not file a response within 21 days of receipt (*i.e.* March 14, 2018) (Dkt. Nos. 5–6, 6-1, 8). On March 30, 2018, the Clerk entered a default against Defendant (Dkt. No. 7). Five days later, Plaintiffs filed this Motion for Default Judgment (Dkt. No. 8).

### III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant has been properly served pursuant to Federal Rule 4(h)(1)(B). *See* Summons Return Executed (Dkt. No. 5); Brief in Supp. of Pl.'s Mot. for Default J. at 4 (Dkt. No. 8-1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)–(f), 185(c), as Plaintiffs seek relief under ERISA. Brief in Supp. of Pl.'s Mot. for Default J. at 4; Compl. ¶ 2.

This Court also has personal jurisdiction over Defendant. While Defendant is incorporated in Illinois[3] and has its principal place of business in that state, ERISA provides that "an action . . . may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2); Compl. ¶ 11. The Funds are administered in Fairfax, Virginia, which is within the Eastern District of Virginia. *See* Brief in Supp. of Pl.'s Mot. for Default J. at 4. Venue is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. §§ 185(a), 1132(e)(2) because a substantial part of the events or omissions giving rise to the claim against Defendant occurred within the Eastern District of Virginia. *See* Compl. ¶ 3; *Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

### IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of

---

[3] Plaintiff states that Defendant dissolved its corporate form on January 13, 2017 but "has continued to operate despite its dissolved status." Compl. ¶ 11. The dissolution does not "take away [or] impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability accrued or incurred, either prior to, at the time of, or after such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." 805 Ill. Comp. Stat. 5/12.80 (2015).

4

fact, which then provide the basis for judgment. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendant has not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

**V.     Analysis**

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint—and supported by Plaintiffs' Brief in Support of Plaintiffs' Motion for Default Judgment, declarations, and exhibits—establish that Defendant failed to make timely contributions to Plaintiffs on behalf of its Locals 1 and 219 employees in January 2014 and August 2015, and failed to remit any contributions to the Funds from June 2016 to August 2017. Compl. ¶¶ 22, 24, 26. Defendant also did not submit remittance reports to the Funds from August 2016 to August 2017. *Id.* ¶ 23. Defendant's failure to make proper contributions is in violation of the collective bargaining agreement, Trust Document, ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and the LMRA, 29 U.S.C. § 185, and Plaintiffs are therefore entitled to default judgment in their favor and damages as detailed below.

       **A.     Unpaid Contributions, Late Fees, Interest, and Liquidated Damages**

Article V, Section 2 of the Trust Document provides: "Employers shall submit a remittance report in a form acceptable to the Plan, and shall remit the required Contributions no later than the

twentieth (20th) of the month following the month in which Covered Employment was performed (except as otherwise approved in writing by the Trustees in their sole and absolute discretion). The Trustees and Plan are empowered to take whatever steps they deem necessary, including legal action, to collect such delinquent Contributions, notwithstanding any provisions of the Collective Bargaining Agreement or other agreement or document." Ex 4, Trust Document at 138–39 (Dkt. No. 8-2); *see* Ex. 3, Collective Bargaining Agreement at 82–83 (Dkt. No. 8-2). According to remittance reports submitted by Defendant, the estimated amounts due from August 2016 to August 2017 when there were no reports, and the declaration of NPF's Billing Manager Robert Geisler, who oversees employers' obligations to the Sheet Metal Workers Benefit Funds, Defendant owes $46,590.16 in unpaid contributions for the period of June 2016 to August 2017. *See* Geisler Decl. ¶¶ 1–2, 12–14 (Dkt. No. 8-2); Ex 4 at 138–39 (Dkt. No. 8-2); Compl. ¶¶ 23–25.

Section 2 also requires delinquent employers to pay, in addition to unpaid contributions:

1. Late fees equal to the greater of 10 percent of the delinquent contributions or $50.00;
2. Interest at a rate of 0.0233 percent per day, compounded daily, until paid;
3. Liquidated damages equal to the greater of 20 percent of the delinquent contributions or interest on all delinquent contributions; and
4. Reasonable attorneys' fees and costs incurred in collection.

Ex. 4, Trust Document at 139 (Dkt. No. 8-2). Pursuant to the collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on late or unpaid contributions accruing from the date due through the date of payment; (3) liquidated damages; and (4) reasonable attorneys' fees and costs incurred in bringing this action. Based on Robert Geisler's Declaration, and the exhibits attached thereto, Defendant owes the following amounts, exclusive of legal fees:

| Fund | Delinquent Contributions | Late Fees | Accrued Interest | Liquidated Damages | Fund Total |
|---|---|---|---|---|---|
| *NPF* | $45,661.28 | $308.30 | $2,615.11 | $9,132.27 | $57,716.96 |
| *ITI* | $655.68 | $5.25 | $38.05 | $131.11 | $830.09 |
| *SMOHIT* | $109.28 | $0.87 | $6.33 | $21.83 | $138.31 |
| *NEMIC* | $163.92 | $1.32 | $9.50 | $32.81 | $207.55 |
| **Total** | $46,590.16 | $315.74 | $2,668.99 | $9,318.02 | **$58,892.91** |

Geisler Decl. ¶ 14 (Dkt. No. 8-2); Ex 5 at 165 (Dkt. No. 8-2); Compl. ¶¶ 25–27, 30.

### B. Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. Jasmine V. Johnson's Declaration and the exhibit attached thereto establish that Plaintiffs have incurred $6,454.00 in attorneys' fees—based on 31.4 hours of counsel time at a pre-litigation rate of $225.00 per hour for partners, $200.00 per hour for associates, and $140.00 per hour for paralegals, a litigation hourly rate of $275.00 per hour for partners, $225.00 for associates, and $150.00 per hour for paralegals—and $650.00 in costs. Johnson Decl. ¶¶ 5–6 (Dkt. No. 12); Ex. 1, Fees Spreadsheet (Dkt. No. 8-3). The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. Accordingly, the undersigned recommends that Plaintiffs be awarded this amount in addition to the damages set forth above, for a total of $65,996.91.

### VI. Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amount of **$65,996.91** plus interest on late paid and delinquent contributions continuing to accrue at a rate of 0.0233 percent per day, compounded daily (8.50 percent per annum) until full payment is made.

7

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows.  Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation.  Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 11, 2018
Alexandria, Virginia